# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

—————————————————————

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA | ) |
| Department of Corrections | ) |
| Department of General Services | ) |
| Defendants. | ) |

—————————————————————

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), brings this action against Defendants, the Commonwealth of Pennsylvania's Department of Corrections ("PA Department of Corrections") and the Commonwealth of Pennsylvania's Department of General Services ("PA Department of General Services") (collectively referred to as the "Defendants"), and alleges as follows:

## INTRODUCTION

1.     This is a civil action for civil penalties and injunctive relief pursuant to Section 113(b) of the Clean Air Act, as amended, 42 U.S.C. § 7413(b)(the

"Act"), for violations by Defendants of the Act, the requirements established in the Commonwealth of Pennsylvania's State Implementation Plan ("SIP") that was developed pursuant to Section 110(a) of the Act, 42 U.S.C. § 7410(a), and the requirements established in operating permits issued pursuant to Title V of the Act, 42  U.S.C. §§ 7661-7661f.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the Act, as amended, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345 and 1355.

3.     Venue is proper in this District pursuant to Section 113(b) of the Act, 42  U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b), and 1395(a) because many of the violations giving rise to this action occurred in this District, and because three of the facilities that are the subject of this Complaint are located in this District.

4.     Pursuant to Section 113(b) of the Act, as amended, 42 U.S.C. § 7413(b), notice of the commencement of this action has been given to the Pennsylvania Department of Environmental Protection.

## DEFENDANTS

5.     Defendants, PA Department of Corrections and PA Department of

General Services, are Departments of the Commonwealth of Pennsylvania and as such are persons, as defined by Section 302(e) of the Act, 42 U.S.C. § 7602(e).

6.     The PA Department of General Services owns and PA Department of Corrections operates each of the following four facilities: the State Correctional Institution at Muncy ("Muncy Facility") in Lycoming County, Muncy, Pennsylvania; the State Correctional Institution at Rockview ("Rockview Facility") in Centre County, Bellefonte, Pennsylvania; the State Correctional Institution at Huntingdon ("Huntingdon Facility") in Huntingdon County, Huntingdon, Pennsylvania; and the State Correctional ]Institution at Laurel Highlands ("Laurel Highlands Facility") in Somerset County, Somerset, Pennsylvania;

7.     At all relevant times herein, PA Department of Corrections has operated and PA Department of General Services has owned the Muncy Facility, the Rockview Facility, the Huntingdon Facility, and the Laurel Highlands Facility.

8.     The Pennsylvania Department of Environmental Protection ("PADEP") has issued several permits for the emission sources at the Rockview Facility, one of which is a Title V operating permit, #TV-14-00005, issued and effective on June 25, 2004 ("Rockview Title V Permit").  The Rockview Title V Permit incorporates as restrictions 25 Pa. Code §§ 123.11 and 123.41 of the federally enforceable Commonwealth of Pennsylvania SIP ("Pennsylvania SIP") at the Rockview Facility.

9.     PADEP has issued several permits for the emission sources at the Laurel Highlands Facility, one of which is a Title V operating permit #TV-56-00257, issued and effective on January 26, 2000 ("Laurel Highlands Title V Permit").  The Laurel Highlands Title V Permit incorporates as restrictions 25 Pa. Code §§ 123.11 and 123.41 of the federally enforceable Pennsylvania SIP at the Laurel Highlands Facility.

10.     PADEP has issued several permits for the emission sources at the Huntingdon Facility, one of which is a Title V operating permit #TV-31-05001, issued on July 12, 2005 and effective on August 1, 2005 ("Huntingdon Title V Permit").  The Huntingdon Title V Permit incorporates as restrictions 25 Pa. Code §§ 123.11 and 123.41 of the federally enforceable Pennsylvania SIP at the Huntingdon Facility.

## STATUTORY FRAMEWORK

11.     As set forth in Section 101(b)(1) of the Act, 42 U.S.C. § 7401(b)(1), the Act is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and the productive capacity of its population.

12.     Section 109 of the Act, 42 U.S.C. § 7409, requires EPA to promulgate regulations establishing primary and secondary national ambient air quality standards ("NAAQS") for certain air pollutants.  The primary NAAQS must be sufficient to protect the public health, allowing an adequate margin of safety, and the secondary

NAAQS must be sufficient to protect the public welfare from any known or anticipated effects associated with the presence of the air pollutant in the ambient air. Under Section 110(a) of the Act, 42 U.S.C. § 7410(a), each state is required to adopt and submit to EPA for approval a SIP which provides for the attainment and maintenance of each such NAAQS.

13.     On May 31, 1972 (37 Fed. Reg. 10889-91), pursuant to Section 110(a) of the Act, 42 U.S.C. § 7410(a), EPA approved the Pennsylvania SIP (40 C.F.R. § 52.2020), which includes Sections 123.11,123.41,127.25, and 127.444 of Title 25 of the Pennsylvania Code, 25 Pa. Code §§ 123.11,123.41,127.25, and 127.444.

14.     Pursuant to Section 302(q) of the Act, 42 U.S.C. § 7602(q), an applicable implementation plan is the implementation plan, or most recent revision thereof, which has been approved by EPA pursuant to Section 110 of the Act, 42 U.S.C. § 7410, or promulgated by EPA pursuant to Section 110(c) of the Act, 42 U.S.C. § 7410(c), and which implements the relevant requirements of the Act.

15.     40 C.F.R. § 52.23 provides, inter alia, that any failure by a person to comply with any provision of 40 C.F.R. Part 52, or with any approved regulatory provision of a SIP, shall render such person in violation of the applicable SIP, and subject to an enforcement action pursuant to Section 113 of the Act, 42 U.S.C. § 7413.

16.     Title V of the Act, 42 U.S.C. §§ 7661-7661f, establishes an operating permit program for certain sources, including "major sources."  Pursuant to Section 502(b) of the Act, 42 U.S.C. § 7661 a(b), EPA promulgated regulations implementing the requirements of Title V and establishing the minimum elements of a permit program to be administered by any state or local air pollution control agency. 57 Fed. Reg. 32250 (July 21, 1992).  These regulations are codified at 40 C.F.R. Part 70. U.S. EPA promulgated final approval of the Pennsylvania Title V program on August 29, 1996. 40 C.F.R. Part 70, Appendix A.  Pennsylvania's Title V program became effective on that date. 61 FR 39597.  The Pennsylvania regulations governing the Title V permitting program are located at 25 Pa. Code §§ 127.401-127.464

17.     Section 502(a) of the Act, 42 U.S.C. § 7661a(a), and 25 Pa. Code § 127.444 have at all relevant times made it unlawful for any person to violate any requirement of an operating permit issued under Title V or to operate except in compliance with a permit issued by a permitting authority under Title V.

18.     Section 113(a)(1) of the Act, 42 U.S.C. § 7413(a)(1), provides that:

> Whenever, on the basis of any information available to the Administrator, the Administrator finds that any person has violated or is in violation of any requirement or prohibition of an applicable implementation plan or permit, the Administrator shall notify the person and the State in which the plan applies of such finding.  At any time after the expiration of 30 days following the date on which such notice of a violation is issued, the Administrator may...

\*    \*    \*

(C) bring a civil action in accordance with subsection (b) of this section.

19.    Section 113(a)(3) of the Act, 42 U.S.C. § 7413(a)(3), provides that "[e]xcept for a requirement or prohibition enforceable under the preceding provisions of this subsection, whenever, on the basis of any information available to the Administrator, the Administrator finds that any person has violated, or is in violation of, any other requirement or prohibition of this subchapter... the Administrator may... bring a civil action in accordance with subsection (b) of this section ...."

20.    Section 113(b) of the Act, 42 U.S.C. § 7413(b), authorizes the Administrator to initiate a judicial enforcement action for a permanent or temporary injunction and/or for civil penalties against any person whenever such person has violated, or is in violation of, any requirement or prohibition of an applicable implementation plan, and other requirements of the Act.

## NOTICES

21.    EPA issued a Notice of Violation to Defendants for the Muncy Facility for violations of the Act and the Pennsylvania SIP on July 16, 2006.  EPA issued Notices of Violation to Defendants for the Rockview Facility for violations of the Act and the Pennsylvania SIP on August 15, 2006 and October 22, 2007.

7

EPA issued a Notice of Violation to Defendants for the Huntingdon Facility for violations of the Act and the Pennsylvania SIP on March 12, 2008.  EPA issued a Notice of Violation to Defendants for the Laurel Highlands Facility for violations of the Act and the Pennsylvania SIP on September 21, 2004.

22.    The United States has provided notice of the violations of the Act and the Pennsylvania SIP alleged herein to PADEP in accordance with Section 113 of the Act, 42 U.S.C. § 7413.

23.    The 30-day period established in Section 113, 42 U.S.C. § 7413, between the notices of violation provided by the United States and the commencement of this civil action has elapsed.

FIRST CLAIM FOR RELIEF
(Visible Emissions Violations at the Muncy Facility)

24.    The allegations of paragraphs 1 through 23 above are realleged and fully incorporated herein by reference.

25.    From at least February 7, 2006, the Muncy Facility has emitted pollutants, including particulate matter, while owned and operated by Defendants. The sources of these pollutants include the Muncy Facility's three coal-fired boilers.

26.    The Pennsylvania SIP restricts visible emissions from sources at the

Facility, including, but not limited to, the Muncy Facility's coal-fired boilers.  At all times relevant herein, Section 123.41 of Title 25 of the Pennsylvania Code, 25 Pa. Code § 123.41, has provided, in relevant part, as follows: "A person may not permit the emission into the outdoor atmosphere of visible air contaminants in such a manner that the opacity of the emission is either of the following: (1) Equal to or greater than 20% for a period or periods aggregating more than 3 minutes in any 1 hour.  (2) Equal to or greater than 60% at any time."

27.    At all relevant times, the Muncy Facility has been subject to 25 Pa. Code §123.41.

28.    From at least February 7, 2006, Defendants have repeatedly violated the requirements of 25 Pa. Code § 123.41 by emitting or permitting the emission of visible emissions that have exceeded the visible emission limits established by 25 Pa. Code § 123.41.

29.    Unless restrained by an order of this Court, the violations of the Act alleged in this First Claim for Relief will continue.

30.    As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set forth above subject Defendants to injunctive relief and civil penalties of up to $32,500 per day for each such violation occurring after March 15, 2004, and $37,500 per day for each such violation occurring on or after

January 12, 2009 pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701 . *See* 73 Fed. Reg. 75346 (Dec. 11, 2008).

## SECOND CLAIM FOR RELIEF
(Particulate Matter Emissions Violations at the Muncy Facility)

31.     The allegations of paragraphs 1 through 30 above are realleged and fully incorporated herein by reference.

32.     From at least February 7, 2006, the Muncy Facility has emitted pollutants, including particulate matter, while owned and operated by Defendants. The sources of these pollutants include the Muncy Facility's three coal-fired boilers.

33.     The Pennsylvania SIP restricts particulate matter emissions from sources at the Facility, including, but not limited to, the Muncy Facility's coal-fired boilers. At all times relevant herein, Section 123.11 of Title 25 of the Pennsylvania Code, 25 Pa. Code § 123.11, has provided, in relevant part, that a person may not permit the emission into the outdoor atmosphere of particulate matter from a combustion unit in excess of the rate of 0.4 pound particulate matter per million British Thermal Units ("lb. PM/MM Btu") of heat input.

34.     At all relevant times, the Muncy Facility has been subject to 25 Pa. Code §123.11.

35.    From at least February 7, 2006, Defendants have repeatedly violated the requirements of 25 Pa. Code § 123.11 by emitting or permitting the emission of particulate matter emissions that have exceeded the particulate matter limits established by 25 Pa. Code §123.11.

36.    Unless restrained by an order of this Court, the violations of the Act alleged in this Second Claim for Relief will continue.

37.    As provided in Section 113 (b) of the Act, 42 U.S.C. § 7413(b), the violations set forth above subject Defendants to injunctive relief and civil penalties of up to $32,500 per day for each such violation occurring after March 15, 2004, and $37,500 per day for each such violation occurring on or after January 12, 2009 pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701 . *See* 73 Fed. Reg. 75346 (Dec. 11, 2008).

<u>THIRD CLAIM FOR RELIEF</u>
(Visible Emissions Violations at the Rockview Facility)

38.    The allegations of paragraphs 1 through 37 above are realleged and fully incorporated herein by reference.

39.    From at least April 25, 2006, the Rockview Facility has emitted pollutants, including particulate matter, while owned and operated by Defendants. The sources of these pollutants include the Rockview Facility's three coal-fired

boilers.

40.     The Pennsylvania SIP at 25 Pa. Code § 123.41 restricts visible

emissions from sources at the Facility, including, but not limited to, the Rockview

Facility's coal-fired boilers.

41.     At all relevant times, the Rockview Facility has been subject to 25 Pa.

Code § 123.41.

42.     From at least April 25, 2006, Defendants have repeatedly violated the

requirements of 25 Pa. Code § 123.41 by emitting or permitting the emission of

visible emissions that have exceeded the visible emission limits established by 25

Pa. Code § 123.41.

43.     Unless restrained by an order of this Court, the violations of the Act

alleged in this Third Claim for Relief will continue.

44.     As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the

violations set forth above subject Defendants to injunctive relief and civil

penalties of up to $32,500 per day for each such violation occurring after March

15, 2004, and $37,500 per day for each such violation occurring on or after

January 12, 2009 pursuant to the Federal Civil Penalties Inflation Adjustment Act

of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701 . *See* 73 Fed. Reg.

75346 (Dec. 11, 2008).

12

## FOURTH CLAIM FOR RELIEF
(Particulate Matter Emissions Violations at the Rockview Facility)

45.     The allegations of paragraphs 1 through 44 above are realleged and fully incorporated herein by reference.

46.     From at least June 13, 2007, the Rockview Facility has emitted pollutants, including particulate matter, while owned and operated by Defendants. The sources of these pollutants include the Rockview Facility's three coal-fired boilers.

47.     The Pennsylvania SIP at 25 Pa. Code § 123.11 restricts particulate matter emissions from sources at the Facility, including, but not limited to, the Rockview Facility's coal-fired boilers.

48.     At all relevant times, the Rockview Facility has been subject to 25 Pa. Code § 123.11.

49.     From at least June 13, 2007, Defendants have repeatedly violated the requirements of 25 Pa. Code § 123.11 at coal-fired boiler #1 by emitting or permitting the emission of particulate matter emissions that have exceeded the particulate matter limits established by 25 Pa. Code §123.11.

50.     Unless restrained by an order of this Court, the violations of the Act alleged in this Fourth Claim for Relief will continue.

51.     As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the

13

violations set forth above subject Defendants to injunctive relief and civil penalties

of up to $32,500 per day for each such violation occurring after March 15, 2004, and

$37,500 per day for each such violation occurring on or after January 12, 2009

pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C.

§ 2461, as amended by 31 U.S.C. § 3701 . *See* 73 Fed. Reg. 75346 (Dec. 11, 2008).

<u>FIFTH CLAIM FOR RELIEF</u>
(Visible Emissions Violations at the Laurel Highlands Facility)

52.     The allegations of paragraphs 1 through 51 above are realleged and

fully incorporated herein by reference.

53.     From at least July 16, 2005, the Laurel Highlands Facility has emitted

pollutants, including particulate matter, while owned and operated by Defendants.

The sources of these pollutants include the Laurel Highlands Facility's three coal-

fired boilers.

54.     The Pennsylvania SIP at 25 Pa. Code § 123.41 restricts visible

emissions from sources at the Facility, including, but not limited to, the Laurel

Highlands Facility's coal-fired boilers.

55.     At all relevant times, the Laurel Highlands Facility has been subject

to 25 Pa. Code § 123.41.

56.     From at least July 16, 2005, Defendants have repeatedly violated the

requirements of 25 Pa. Code § 123,41 by emitting or permitting the emission of

visible emissions that have exceeded the visible emission limits established by 25 Pa. Code § 123.41.

57.     Unless restrained by an order of this Court, the violations of the Act alleged in this Fifth Claim for Relief will continue.

58.     As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set forth above subject Defendants to injunctive relief and civil penalties of up to $32,500 per day for each such violation occurring after March 15, 2004, and $37,500 per day for each such violation occurring on or after January 12, 2009 pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701 . *See* 73 Fed. Reg. 75346 (Dec. 11, 2008).

<u>SIXTH CLAIM FOR RELIEF</u>
(Particulate Matter Emissions Violations at the Laurel Highlands Facility)

59.     The allegations of paragraphs 1 through 58 above are realleged and fully incorporated herein by reference.

60.     From at least July 16, 2005, the Laurel Highlands Facility has emitted pollutants, including particulate matter, while owned and operated by Defendants. The sources of these pollutants include the Laurel Highlands Facility's three coal-fired boilers.

61.     The Pennsylvania SIP at 25 Pa. ,Code § 123.11 restricts particulate matter emissions from sources at the Facility, including, but not limited to, the Laurel Highlands Facility's coal-fired boilers.

62.     At all relevant times, the Laurel Highlands Facility has been subject to 25 Pa. Code § 123.11.

63.     From at least July 16, 2005, Defendants have repeatedly violated the requirements of 25 Pa. Code § 123.11 by emitting or permitting the emission of particulate matter emissions that have exceeded the particulate matter limits established by 25 Pa. Code §123.11.

64.     Unless restrained by an order of this Court, the violations of the Act alleged in this Sixth Claim for Relief will continue.

65.     As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the violations set forth above subject Defendants to injunctive relief and civil penalties of up to $32,500 per day for each such violation occurring after March 15, 2004, and $37,500 per day for each such violation occurring on or after January 12, 2009 pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701 . *See* 73 Fed. Reg. 75346 (Dec. 11, 2008).

16

SEVENTH CLAIM FOR RELIEF
(Visible Emissions Violations at the Huntingdon Facility)

66.     The allegations of paragraphs 1 through 65 above are realleged and
fully incorporated herein by reference.

67.     From at least February 27, 2008, the Huntingdon Facility has emitted
pollutants, including particulate matter, while owned and operated by Defendants.
The sources of these pollutants include the Huntingdon Facility's four coal-fired
boilers.

68.     The Pennsylvania SIP at 25 Pa. Code § 123.41 restricts visible
emissions from sources at the Facility, including, but not limited to, the
Huntingdon Facility's coal-fired boilers.

69.     At all relevant times, the Huntingdon Facility has been subject to 25
Pa.Code § 123.41.

70.     From at least February 27, 2008, Defendants have repeatedly
violated therequirements of 25 Pa. Code § 123.41 by emitting or permitting the
emission of visible emissions that have exceeded the visible emission limits
established by 25 Pa. Code § 123.41.

71.     Unless restrained by an order of this Court, the violations of the Act
alleged in this Seventh Claim for Relief will continue.

72.     As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), the

violations set forth above subject Defendants to injunctive relief and civil

penalties of up to $32,500 per day for each such violation occurring after March

15, 2004, and $37,500 per day for each such violation occurring on or after

January 12, 2009 pursuant to the Federal Civil Penalties Inflation Adjustment Act

of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701 . *See* 73 Fed. Reg.

75346 (Dec. 11, 2008).

## EIGHTH CLAIM FOR RELIEF
(Violations of Title V Operating Permits at Rockview, Laurel Highlands and Huntingdon)

73.    The allegations of paragraphs 1 through 72 above are realleged and

fully incorporated herein by reference.

74.    The Pennsylvania SIP also includes 25 Pa. Code §127.444, which

provides that "[a] person may not cause or permit the operation of a source subject

to this article unless the source and air cleaning devices identified in the

application for the plan approval and operating permit and the plan approval

issued to the source are operated and maintained in accordance with specifications

in the application and conditions in the plan approval and operating permit issued

by the Department."

75.    The Pennsylvania SIP includes 25 Pa. Code § 127.25, which provides

that "[a] person may not permit the operation of a source subject to § 127.11

(relating to plan approval requirements), unless the source and air cleaning devices identified in the application for the plan approval and the plan approval issued to the source, are operated and maintained in accordance with specifications in the application and conditions in the plan approval issued by the Department. A person may not cause or permit the operation of an air contamination source subject to this chapter in a manner inconsistent with good operating practices."

76. The Rockview Title V Permit, the Laurel Highlands Title V Permit, and the Huntingdon Title V Permit incorporate 25 Pa. Code §§ 123.11 and 123.41 of the federally enforceable Pennsylvania SIP as restrictions on the Rockview Facility, the Laurel Highlands Facility, and the Huntingdon Facility.

77. As alleged above, Defendants have repeatedly violated the requirements of 25 Pa. Code §§ 123.11 and 123.41 by emitting or permitting the emission of visible emissions that have exceeded the visible emission limits established by 25 Pa. Code § 123.41 and by emitting or permitting the emission of particulate matter in excess of the particulate matter emission limits in 25 Pa. Code § 123.11 at the Rockview Facility and the Laurel Highlands Facility.

78. Since April 25, 2006 for the Rockview Facility and since July 16, 2005 for the Laurel Highlands Facility, Defendants have repeatedly violated the Rockview Title V Permit and the Laurel Highlands Title V Permit by repeatedly

19

violating the requirements of 25 Pa. Code §§ 123.11 and 123.41 by emitting particulate matter in excess of the Pennsylvania SIP limit on particulate matter and by emitting visible emissions in excess of the Pennsylvania SIP limit on visible emissions at the Rockview Facility and the Laurel Highlands Facility.

79.     As alleged above, Defendants have repeatedly violated the requirements of 25 Pa.Code § 123.11 by emitting or permitting the emission of particulate matter in excess of the particulate matter emission limits in 25 Pa. Code §123.11 at the Huntingdon Facility.

80.     Since February 27, 2008, Defendants have repeatedly violated the Huntingdon Title V Permit by repeatedly violating the requirements of 25 Pa. Code § 123.41 by emitting visible emissions in excess of the Pennsylvania SIP limit on visible emissions at the Huntingdon Facility.  Defendants' violations of the Rockview Title V Permit, the Laurel Highlands Title V Permit and the Huntingdon Title V Permit are violations of Section 502 of the Act, 42 U.S.C. § 7661a, and 25 Pa. Code §§ 127.25 and 127.444 of the Pennsylvania SIP.

81.      Unless restrained by an order of this Court, the violations of the Act alleged in this Eighth Claim for Relief will continue.

82.     As provided in Section 113(b) of the Act, 42 U.S.C. § 7413 (b), the violations set forth above subject Defendants to injunctive relief and civil

penalties of up to $32,500 per day for each such violation occurring after March 15, 2004, and $37,500 per day for each such violation occurring on or after January 12, 2009 pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701 . *See* 73 Fed. Reg. 75346 (Dec. 11, 2008).

## **PRAYER FOR RELIEF**

WHEREFORE, based upon all the foregoing allegations, the United States of America  requests that this Court:

1.      Permanently enjoin Defendants from operating the Muncy Facility, the Rockview Facility, the Laurel Highlands Facility and the Huntingdon Facility, except in accordance with the Clean Air Act, the Pennsylvania SIP, Rockview's Title V Permit, Laurel Highlands' Title V Permit, and Huntingdon's Title V Permit;

2.      Order Defendants to remedy their past violations by, among other things, requiring Defendants to install emissions control technology for particulate matter for the Muncy Facility, the Rockview Facility, the Laurel Highlands Facility and the Huntingdon Facility as necessary to comply with the Clean Air Act and the Pennsylvania SIP;

3.      Assess civil penalties against Defendants for violations of applicable

provisions of the CAA as well as their implementing regulations and permits issued thereunder of up to $32,500 per day of violation occurring on or after March 15, 2004 and $37,500 per day of violation occurring on or after January 12, 2009;

4.      Award Plaintiff its costs and disbursements of this action; and,

5.      Grant such other relief as the Court may deem just and proper.


Respectfully Submitted,

_____/s/ Ignacia S. Moreno_____

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


____/s/ Katherine M. Kane_____

KATHERINE M. KANE
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
Phone: (202) 514-0414
Facsimile: (202) 616-6583
Katherine.Kane@usdoj.gov